

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00151-CV

_____

BRIAUNNA DANIELS, Appellant

V.

TEXAS WORKFORCE COMMISSION AND AMERICREDIT FINANCIAL
SERVICES, INC., Appellees

On Appeal from the 48th District Court
Tarrant County, Texas
Trial Court No. 048-342675-23

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

In June 2023, Appellant Briaunna Daniels sued Appellees Texas Workforce Commission and AmeriCredit Financial Services, Inc. in state court. She alleged that AmeriCredit had wrongfully terminated her employment with the company in violation of the Family Medical Leave Act (FMLA) and that the Workforce Commission had denied her "the rights to her appeal." AmeriCredit removed the case to federal court in July 2023.

On April 5, 2024, Daniels filed a notice of appeal in state court stating that she was doing so because AmeriCredit had fired her in violation of the FMLA and "in violation of the racism charge" against AmeriCredit that she had not pleaded in her original petition. The trial-court clerk informed us that the trial-court judge had not signed an order in this case. We thus wrote to Daniels to notify her that it appeared that her notice of appeal was premature because there was no final judgment or appealable order. *See* Tex. R. App. P. 26.1, 27.1(a). We gave the parties until April 30, 2024, to provide us with a signed copy of the order Daniels wanted to appeal. *See* Tex. R. App. P. 44.3, 44.4(a)(2). We warned the parties that if they failed to do so, we would dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Daniels responded by filing a "Petition of Appeal" addressing her claims' merits. But neither she nor any other party has provided us with a signed copy of a final judgment or appealable order. We thus dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Bothe v. City of Fort Worth*, No. 02-22-

00490-CV, 2023 WL 1456929, at *1 (Tex. App.—Fort Worth Feb. 2, 2023, no pet.) (mem. op.) (dismissing appeal for want of jurisdiction because trial court had not signed final judgment or appealable order); *see also Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that an appellate court has jurisdiction over appeals from final judgments and from certain interlocutory orders made appealable by statute).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: May 23, 2024